UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joshua Clausing,

    Plaintiff,

        v.                          Case No. 1:18cv703

Norfolk Southern Railway Company,        Judge Michael R. Barrett

    Defendant.

**OPINION & ORDER**

This matter is before the Court upon Plaintiff Joshua Clausing's Motion for Partial Summary Judgment. (Doc. 13). Defendant Norfolk Southern Railway Company has filed a Response (Doc. 19) and Plaintiff filed a Reply (Doc. 20).

Also before the Court is Plaintiff's Motion to Supplement the Memorandum in Support of Plaintiffs Motion for Partial Summary Judgment. (Doc. 27). Plaintiff seeks to file the transcripts of the deposition testimony of Plaintiff's supervisors, Trainmaster C.S. Ritchie and Assistant Trainmaster S.R. Beha. Plaintiff explains that due to the COVID-19 pandemic, the depositions of these two witnesses could not be taken earlier. For good cause shown, Plaintiff's Motion to Supplement the Memorandum in Support of Plaintiffs Motion for Partial Summary Judgment (Doc. 27) is GRANTED.

**I. BACKGROUND**

Among the claims brought in Plaintiff's Complaint are Plaintiff's claims under the Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701, *et seq.*, 49 C.F.R. § 229.7, 49 C.F.R. § 229.45 and 49 C.F.R. § 229.119(c). Plaintiff's claims are based on an injury he sustained while working as an engineer. While the train was stopped, Plaintiff went to

use the lavatory located on the lower level of the locomotive. Plaintiff claims that as he stepped down from the engineer's seat, his right foot came into contact with a loose water bottle laying on the floor of the engine cabin. Plaintiff explains that the water bottle caused him to fall and sustain injuries.

Plaintiff maintains that the fact that an unsecure loose water bottle was located on the engine cab floor is undisputed, and therefore summary judgment under the Federal Rule of Civil Procedure 56 is proper. Defendant responds that what is undisputed is that after the accident, there were packages of water bottles against the bulkhead, along with one or more separate bottles "tucked in behind" those packages. Defendant points out that no one other than Plaintiff has stated that there was a bottle on the cab floor at the location where the Plaintiff says it was when he stepped down and made contact with it.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the burden of showing an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### B. Locomotive Inspection Act

"Negligence is not the basis for liability under the [LIA]." *Lilly v. Grand Trunk*

*W.R.R. Co.*, 317 U.S. 481, 485 (1943). Instead, it imposes "an absolute and continuing duty" to maintain the locomotive and its parts and appurtenances such that they are in proper condition and safe to operate. *Id.* (quoting *Southern Ry. Co. v. Lunsford*, 297 U.S. 398, 401 (1936)). Absolute liability is imposed upon the employer when its employee "presents proof of an unsafe locomotive component and injury which is proximately caused by the unsafe condition." *Williams v. S. Pac. Transp. Co.*, 813 F. Supp. 1227, 1230 (S.D. Miss. 1992) (citing *Green v. River Terminal Ry. Co.*, 763 F.2d 805, 810 (6th Cir. 1985) ("The liability imposed by the Locomotive Boiler Inspection Act is absolute upon proof of an unsafe part and proximate cause.")).

"While a carrier's duty under the LIA may extend to foreign objects that are not affixed or part of the train, on a motion seeking summary judgment, the plaintiff must establish that the foreign object was present on the floor of the cab with uncontroverted facts." *Deso v. CSX Transp., Inc.*, 790 F. Supp. 2d 1, 9 (N.D.N.Y. 2011) (collecting cases). While the post-accident inspection report conducted by Defendant notes the presence and location of open packages of water bottles and loose water bottles tucked behind the packages (Doc. 13-5), there is nothing in the report about a loose water bottle on the floor. In their depositions, Plaintiff's supervisors, Trainmaster C.S. Ritchie and Assistant Trainmaster S.R. Beha, explained that they visited the scene after the accident to investigate, but did not recall seeing a water bottle on the floor.[1] Defendant has not admitted to the presence or location of the water bottle.

This case is similar to *Rivera v. Union Pacific Railroad*, 868 F.Supp. 294 (D. Colo.

---

[1] In his deposition, Plaintiff testified that he showed his supervisors the water bottle. (Doc. 13-2, Joshua Clausing Dep. at 85).

3

1994). In that case, the plaintiff engineer was injured in a fall that he alleged was caused by a brake valve handle left on the floor of the locomotive. *Id.* at 297. The railroad company disputed plaintiff's claim that the handle was on the floor, and plaintiff was able to offer only his testimony in support of his claim. *Id.* at 299. The district court explained:

> Rivera was this incident's sole eyewitness. Thus, Union Pacific's liability in this case will turn on Rivera's credibility. This is uniquely within the province of the jury. "Affidavits are not a substitute for trial and summary judgment is improper where an issue turns on credibility." *National Aviation Underwriters v. Altus Flying*, 555 F.2d 778, 784 (10th Cir.1977). "It is particularly wrong to base a summary judgment on the deposition of an interested party on facts ... known only to him—a situation where demeanor evidence might serve as real evidence to persuade a trier of fact to reject his testimony." *Id.*; *see also id.* at n. 14.

868 F. Supp. at 299. Therefore, the court denied plaintiff's motion for summary judgment. *Id.*

Similarly, in this case, Plaintiff was this incident's sole eye witness and this case will turn on credibility. Because this is a determination to be made by the jury, Plaintiff is not entitled to summary judgment on this claim.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion to Supplement the Memorandum in Support of Plaintiffs Motion for Partial Summary Judgment (Doc. 27) is **GRANTED**; and Plaintiff's Motion for Partial Summary Judgment (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

4